JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
ANDRANIK MARTIROSYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDRANIK MARTIROSYAN,<br><br>　　　　Defendant. | ) No. CR-S-12-223-WBS<br>)<br>)<br>) STIPULATION REGARDING<br>) EXCLUDABLE TIME PERIODS<br>) UNDER SPEEDY TRIAL ACT;<br>) [~~PROPOSED~~] FINDINGS AND ORDER<br>)<br>)<br>) Date:　November 25, 2013<br>) Time:　9:30 a.m.<br>) Judge:　Honorable William B. Shubb<br>)<br>) |

　　　　The United States of America through its undersigned counsel, Steven Lapham, Assistant United States Attorney, together with counsel for defendant Andranik Martirosyan, John R. Manning, Esq., hereby stipulate the following:

　　1. This matter is set for status conference on October 21, 2013.

　　2. By this stipulation, Mr. Martirosyan now moves to continue the status conference until November 25, 2013 at 9:30 a.m.

　　3.　The parties agree and stipulate, and request the Court find the following:

　　　　a.　Mr. Martisosyan was originally scheduled to be arraigned on July 10, 2012.  Due to serious health issues, Mr. Martirosyan was not arraigned until November 28, 2012.  The Defense represents Mr. Martirosyan remains in very fragile health.

1

b. The Government has provided defense Counsel with over 700 pages of discovery.

c. The Defense is seeking a continuance in order to review the material provided by the Government and conduct, as necessary, investigation.  (It should be noted, Mr. Martirosyan speaks very limited English and the services of an Armenian language interpreter are necessary to effectively communicate with the defendant.)

d. As indicated herein, Mr. Martirosyan is gravely ill.  His health has been spiraling downward for several years.  The downward progression began approximately seven years ago when he was in a car accident and suffered a significant head injury.  Presently, he suffers from  severe cardiac issues (he had heart surgery just prior to charges being filed in this matter), diabetes, and loss of vision (related to his diabetes - he has had eye surgery during the pendency of this case and may need additional surgery but is unlikely to receive such surgery due to his other health issues).  He is in significant pain, but because of his cardiac issues and other health concerns, he is limited in what he can take for his pain.  Mr. Martirosyan is frequently disoriented and suffers from memory loss and anger issues.  In addition to receiving medical treatment for his physical health issues, Mr. Martirosyan is also receiving treatment from the psychiatric staff for his mental and emotion health concerns.

e. The parties are considering asking the court to order a competency evaluation but, as an intermediate step, the parties respectfully ask court to put the matter over approximately one month in order to get additional, specific, information on Mr. Martirosyan's prognosis.  Mr. Martirosyan's son (and primary care giver) is attempting to get a letter detailing Mr. Martirosyan's condition(s) and prognosis from either (or both) Mr. Martirosyan's cardiac doctor and/or his general practioner.

    f.  Depending on the information provided by defendant's doctors, the government may be willing to dismiss the matter.

    g.  Counsel for Mr. Martirosyan believes a continuance in this case is necessary to allow counsel reasonable time to review the discovery, conduct investigation; meet with the defendant; review defendant's medical records; and, afford the defense time necessary for effective preparation, taking into account the exercise of due diligence.

    h.  The Government does not object to the continuance.

    i.  Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

    j.  For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of October 21, 2013 to November 25, 2013, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(ii) and (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The parties agree and further stipulate the defendant is currently "physically unable to stand trial" for purposes of excludable time under 3161(h)(4).

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 16, 2013                             /s/ John R. Manning
                                                    JOHN R. MANNING
                                                    Attorney for Defendant
                                                    Andranik Martirosyan


Dated: October 16, 2013                             Benjamin B. Wagner
                                                    United States Attorney

                                        by:         /s/ Steven Lapham
                                                    STEVEN LAPHAM
                                                    Assistant U.S. Attorney


**ORDER**

IT IS SO FOUND AND ORDERED .

Dated: October 17, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4