JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
ANDRANIK MARTIROSYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRANIK MARTIROSYAN,<br><br>Defendant. | No. CR-S-12-223-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>Date:  August 11, 2014<br>Time:  9:30 a.m.<br>Judge: Honorable William B. Shubb |

The United States of America through its undersigned counsel, Heiko P. Coppola, Assistant United States Attorney, together with counsel for defendant Andranik Martirosyan, John R. Manning, Esq., hereby stipulate the following:

1. This matter is set for status conference on June 30, 2014.

2. By this stipulation, Mr. Martirosyan now moves to continue the status conference until August 11, 2014.

3. The parties agree and stipulate, and request the Court find the following:

   a. Mr. Martisosyan was originally scheduled to be arraigned on July 10, 2012. Due to serious health issues, Mr. Martirosyan was not arraigned until November 28, 2012. The Defense represents Mr. Martirosyan remains in very fragile health.

1

b.  The Government has provided defense Counsel with over 700 pages of discovery.

c.  The Defense is seeking a continuance in order to review the material provided by the Government and conduct, as necessary, investigation.  (It should be noted, Mr. Martirosyan speaks very limited English and the services of an Armenian language interpreter are necessary to effectively communicate with the defendant.)

d.  The defense represents Mr. Martirosyan is gravely ill.  His health has been spiraling downward for several years.  The downward progression began approximately seven years ago when he was in a car accident and suffered a significant head injury. Presently, he suffers from  severe cardiac issues (he had heart surgery just prior to charges being filed in this matter), diabetes, and loss of vision (related to his diabetes - he has had eye surgery during the pendency of this case and may need additional surgery but is unlikely to receive such surgery due to his other health issues).  He is in significant pain, but because of his cardiac issues and other health concerns, he is limited in what he can take for his pain.  Mr. Martirosyan is frequently disoriented and suffers from memory loss and anger issues.  In addition to receiving medical treatment for his physical health issues, Mr. Martirosyan is also receiving treatment from the psychiatric staff for his mental and emotion health concerns.

e.  The parties were (and are) considering asking the court to order a competency evaluation. However, Mr. Martirosyan's physical health is extremely compromised. Mr. Martirosyan is virtually bed ridden; he leaves his family house only for MD appointments; and, he is being cared for and is under the watchful eye of at least one family member at all times. I have visited Mr. Martirosyan's at his family's home on multiple occasions as he is unable to meet with me at my office. During these visits,

Mr. Martirsoyan cannot sit (he lays on the couch – where he spends almost all of his time); he requires the use of oxygen; he appears to be considerable discomfort; has visible tremors; memory issues; and, he is not alert, relatively speaking, for more than a few minutes at a time.

f. Counsel for Mr. Martirosyan believes a continuance in this case is necessary as the defendant is not physically able to assist in his own defense by meeting with counsel, discussing the case and/or reviewing the discovery.

g. The defendant's prognosis is uncertain – he may get better, he may not. This continuance is sought in order to determine if Mr. Martirosyan's health will stabilize sufficiently to move forward.

h. The Government does not object to the continuance.

i. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

j. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of June 30, 2014 to August 11, 2014, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B) (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The parties agree and further stipulate the defendant is currently "physically unable to stand trial" for purposes of excludable time under 3161(h)(4).

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 25, 2014          /s/  John R. Manning
                               JOHN R. MANNING
                               Attorney for Defendant
                               Andranik Martirosyan

Dated:  June 25, 2014          Benjamin B. Wagner
                               United States Attorney

                        by:    /s/  Heiko P. Coppola
                               HEIKO P. COPPOLA
                               Assistant U.S. Attorney

## ORDER

IT IS SO FOUND AND ORDERED.

Dated:  June 30, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4