JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
ANDRANIK MARTIROSYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRANIK MARTIROSYAN,<br><br>Defendant. | No. CR-S-12-223-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>Date:   September 28, 2015<br>Time:  9:30 a.m.<br>Judge: Honorable William B. Shubb |

    The United States of America through its undersigned counsel, Heiko P. Coppola, Assistant United States Attorney, together with counsel for defendant Andranik Martirosyan, John R. Manning, Esq., hereby stipulate the following:

1. This matter is set for status conference on August 10, 2015.

2. By this stipulation, Mr. Martirosyan now moves to continue the status conference until September 28, 2015.

3. The parties agree and stipulate, and request the Court find the following:

    a. Mr. Martirosyan was originally scheduled to be arraigned on July 10, 2012. Due to serious health issues, Mr. Martirosyan was not arraigned until November 28, 2012. The Defense represents Mr. Martirosyan remains in very fragile health.

    b. The Government has provided defense Counsel with over 700 pages of discovery.

c. The Defense is seeking a continuance in order to review the material provided by the Government and conduct, as necessary, investigation. (It should be noted, Mr. Martirosyan speaks very limited English and the services of an Armenian language interpreter are necessary to effectively communicate with the defendant.)

d. The defense represents Mr. Martirosyan is gravely ill. His health has been spiraling downward for several years. The downward progression began approximately seven years ago when he was in a car accident and suffered a significant head injury. Presently, he suffers from severe cardiac issues (he had heart surgery just prior to charges being filed in this matter), diabetes, and loss of vision (related to his diabetes - he has had eye surgery during the pendency of this case and may need additional surgery but is unlikely to receive such surgery due to his other health issues). He is in significant pain, but because of his cardiac issues and other health concerns, he is limited in what he can take for his pain. Mr. Martirosyan is frequently disoriented and suffers from memory loss and anger issues. In addition to receiving medical treatment for his physical health issues, Mr. Martirosyan is also receiving treatment from the psychiatric staff for his mental and emotional health concerns.

e. The parties were (and are) considering asking the court to order a competency evaluation. However, Mr. Martirosyan's physical health is extremely compromised. Mr. Martirosyan is virtually bed ridden; he leaves his family house only for MD appointments; and, he is being cared for and is under the watchful eye of at least one family member at all times. I have visited Mr. Martirosyan at his family's home on multiple occasions as he is unable to meet with me at my office. During these visits, Mr. Martirsoyan cannot sit (he lays on the couch – where he spends almost all of his time); he requires the use of oxygen; he appears to be in considerable discomfort; has visible tremors; memory issues; and, he is not alert, relatively speaking, for more than a few minutes at a time.

f. The defense has provided the government with all of Mr. Martirosyan medical records (over 1600 pages). The government needs additional time to review the provided material. The defense, as previously noted, provided the government with the information necessary to contact Mr. Martirosyan's physician(s). However, because counsel for the government was starting a relatively lengthy jury trial beginning June 22, 2015 (U.S. v. Palamarchuk et al [four defendants]; 11-450 TLN), the parties agreed the defense would attempt to set up an appointment with the defendant's

physician(s).  The process, as anticipated, is/was quite convoluted and has thus far required multiple calls and emails to and from the Kaiser legal department to set up appointment(s) with Mr. Martirosyan's physician(s).  (The process has also required multiple releases, each slightly different than the previous one.)   It seemed as though the defense was very close to getting an appointment.  However, after not hearing from Kaiser for approximately two weeks, the investigator for the defense went to Kaiser to determine the status of "our" request to interview the defendant's physicians.  The defense investigator was told the "coordinator" (the person responsible for scheduling the requested interview[s]) had been on jury duty and just returned to work.  The defense investigator was told the coordinator would follow up with the physicians and schedule an appointment as soon as possible.  Counsel for Mr. Martirosyan believes a continuance in this case is necessary to allow the government time to review the defendant's medical records and to allow the parties to speak directly to/with Mr. Martirosyan's physician(s).  Additionally, the defendant is not physically able to assist in his own defense by meeting with counsel, discussing the case and/or reviewing the discovery. The defendant's prognosis remains uncertain.  This continuance is additionally sought, in part, to determine if Mr. Martirosyan's health will stabilize sufficiently to move forward.

g. The Government does not object to the continuance.

h. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

i. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of August 10, 2015 to September 28, 2015, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B) (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The parties agree and further stipulate the defendant is currently "physically unable to stand trial" for purposes of excludable time under 3161(h)(4).

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 5, 2015                     /s/ John R. Manning
                                          JOHN R. MANNING
                                          Attorney for Defendant
                                          Andranik Martirosyan

Dated: August 5, 2015                     Benjamin B. Wagner
                                          United States Attorney

                                    by:   /s/ Heiko P. Coppola
                                          HEIKO P. COPPOLA
                                          Assistant U.S. Attorney

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: August 6, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE