JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
ANDRANIK MARTIROSYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRANIK MARTIROSYAN,<br><br>Defendant. | No. CR-S-12-223-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>Date:   January 25, 2016<br>Time:  9:00 a.m.<br>Judge: Honorable William B. Shubb |

   The United States of America through its undersigned counsel, Heiko P. Coppola, Assistant United States Attorney, together with counsel for defendant Andranik Martirosyan, John R. Manning, Esq., hereby stipulate the following:

   1. This matter is set for status conference on November 16, 2015.

   **2.** By this stipulation, Mr. Martirosyan now moves to continue the status conference until **January 25, 2016 at 9:00 a.m.**

   3.  The parties agree and stipulate, and request the Court find the following:

   a. Mr. Martirosyan was originally scheduled to be arraigned on July 10, 2012.  Due to serious health issues, Mr. Martirosyan was not arraigned until November 28, 2012.  The Defense represents Mr. Martirosyan remains in very fragile health.

   b. The Government has provided defense Counsel with over 700 pages of discovery.

c.  The Defense is seeking a continuance in order to research the consequences associated with possible resolution being discussed by the parties and to allow counsel for Mr. Martirosyan to meet with the defendant to review the proposed resolution.  (It should be noted, Mr. Martirosyan speaks very limited English and the services of an Armenian language interpreter are necessary to effectively communicate with the defendant.)

a.  The Defense represents Mr. Martirosyan is gravely ill.  His health has been spiraling downward for several years.  The downward progression began approximately seven years ago when he was in a car accident and suffered a significant head injury.  Presently, he suffers from severe cardiac issues (he had heart surgery just prior to charges being filed in this matter), diabetes, and loss of vision (related to his diabetes - he has had eye surgery during the pendency of this case and may need additional surgery but is unlikely to receive such surgery due to his other health issues).  He is in significant pain, but because of his cardiac issues and other health concerns, he is limited in what he can take for his pain.  Mr. Martirosyan is frequently disoriented and suffers from memory loss and anger issues.  In addition to receiving medical treatment for his physical health issues, Mr. Martirosyan is also receiving treatment from the psychiatric staff for his mental and emotional health concerns.  As such, counsel for the defendant remains concerned about Mr. Martirosyan's competency.

b.  Mr. Martirosyan's physical health is extremely compromised.  Mr. Martirosyan is virtually bed ridden; he leaves his family house only for MD appointments; and, he is being cared for and is under the watchful eye of at least one family member at all times. I have visited Mr. Martirosyan at his family's home on multiple occasions as he is unable to meet with me at my office. During these visits, Mr. Martirsoyan cannot sit (he lays on the couch – where he spends almost all of his time); he requires the use of oxygen; he appears to be in considerable discomfort; has visible tremors; memory issues; and, he is not alert, relatively speaking, for more than a few minutes at a time.

c.  In addition to providing the government with all of Mr. Martirosyan's medical records (over 1600 pages) the defense's investigator interviewed Mr. Martirosyan's primary physician and the written report of the interview was provided to government's counsel.  Subsequently, government's counsel spoke direct with the defense investigator.

    d.    Counsel for the government has discussed Mr. Martirosyan's health with his (Mr. Martirosyan's) physician. As a result, the parties are now discussing a resolution to this matter. The discussed resolution requires counsel for both parties to research the technical aspects of the agreement before drafting the agreement. Once a written agreement is drafted, counsel for Mr. Martirosyan will need additional time to meet with the defendant and review the proposed agreement.

    e.    Counsel for Mr. Martirosyan believes a continuance in this case is necessary to allow the parties to research and draft agreement. Once the agreement is drafted, counsel for Mr. Martirosyan will need additional time to review the agreement with the defendant.

    f.    Due to a miscommunication between counsel for Mr. Martirosyan and counsel government, the previously noted research has not yet been completed. Counsel for Mr. Martirosyan and counsel for the government have discussed the research needed and have agreed upon whom shall research the various aspects of the discussed agreement.

    g.    The Government does not object to the continuance.

    h.    Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

    i.    For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of November 16, 2015 to January 25, 2015, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B) (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The parties agree and further stipulate the defendant is currently "physically unable to stand trial" for purposes of excludable time under 3161(h)(4).

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated: November 12, 2015                                                     /s/ John R. Manning

|||

                                  JOHN R. MANNING
                                  Attorney for Defendant
                                  Andranik Martirosyan

///

Dated:  November 12, 2015                         Benjamin B. Wagner
                                  United States Attorney

                        by:    /s/  Heiko P. Coppola
                                  HEIKO P. COPPOLA
                                  Assistant U.S. Attorney

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  November 12, 2015

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4